**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**JACKSONVILLE DIVISION**

JAMES D. DAWKINS, et al.,

    Plaintiffs,

v.

GMAC INSURANCE HOLDINGS,
INC., et al.,

    Defendants.

CASE NO. 3:03-cv-322-J-20HTS
CONSOLIDATED

---

JEFFREY GOLDSTON, etc.,

    Plaintiff,

v.

GMAC INSURANCE MANAGEMENT
CORPORATION, etc.,

    Defendant.

---

**O R D E R**

This cause is before the Court on Plaintiffs' Motion to Compel Discovery and to Overrule Defendants' Objections to Plaintiffs Request to Produce (Doc. #276; Motion). The Motion is opposed by Defendants. Named Defendants' Response in Opposition to Plaintiffs' Motion to Compel Discovery and to Overrule Defendants' Objections to Plaintiffs [sic] Request to Produce (Doc. #277;

Opposition). A reply to the Opposition was also filed. Plaintiffs' Reply to Defendants' Response to Plaintiffs' Motion to Compel Discovery and Overrule Objections (Doc. #281; Reply).

In the Reply, it is represented "Plaintiffs are satisfied there are no unidentified employees or former employees who are within the class certified, given the Defendants' unqualified representation in [the Opposition.]" *Id.* at 5; *see also* Opposition at 11. Thus, one area of dispute between the parties has been resolved. *See* Motion at 6-9; Opposition at 10-11. Remaining is the issue of whether Defendants must provide Plaintiffs with business email addresses, telephone numbers, and social security numbers for the individuals identified as potential class members in this case. *See* Motion at 9; Opposition at 12.

It is Plaintiffs' position they should receive this information for the purpose of attempting to locate those "individuals from whom no consent [to be part of the class action] is received because the notice letter is not deliverable, [or is] returned with no forwarding address[.]" Motion at 10-11. Defendants believe "this information is not needed in order to facilitate Court-authorized notice" of the suit. Opposition at 12. Additionally, it is stated they "should not be required to produce approximately four hundred and sixty (460) social security numbers on the basis that it *may* be necessary *should* the notice be returned

- 2 -

undeliverable." *Id.* at 13. However, if certain circumstances occur, Defendants have agreed "to provide Plaintiffs with the social security numbers . . . for the limited purpose of determining . . . correct address[es]." *Id.* at 13 n.2. It is represented Defendants do not maintain business email addresses for former employees. *Id.* at 12.

On October 25, 2005, the Court entered an Order (Doc. #275), stating the proposed consent forms that had previously been submitted were to "be changed to the extent they shall not request the Social Security Numbers of the potential plaintiffs or any other sensitive information." *Id.* at 3. In light of the fact that social security numbers have been considered herein to be confidential such that they need not be disclosed on the consent forms by individuals who choose to participate in the lawsuit, it would be inconsistent for the Court to insist on their production relating to all potential class members, regardless of whether they ultimately decide to opt-in to the case.

With respect to the email addresses and telephone numbers, as discussed above, it has been explained these are relevant because without them it will be difficult to provide notice of the suit to those people whose initial notice is undeliverable. *See* Motion at 10-11. It thus appears the request for this information is premature as it is not currently relevant but may become so if certain conditions are met.

In light of the foregoing, the Motion (Doc. #276) is **DENIED** without prejudice to the filing of a motion seeking the email addresses and telephone numbers of those individuals for whom it becomes necessary.

**DONE AND ORDERED** at Jacksonville, Florida this 22nd day of November, 2005.

/s/      Howard T. Snyder
HOWARD T. SNYDER
UNITED STATES MAGISTRATE JUDGE

Copies to:

Counsel of Record and
    *pro se* parties, if any