UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

JAMES D. DAWKINS, et al.,

      Plaintiffs,

v.                                     CASE NO. 3:03-cv-322-J-20HTS
                                                CONSOLIDATED
GMAC INSURANCE HOLDINGS,
INC., et al.,

      Defendants.

_____

JEFFREY GOLDSTON, etc.,

      Plaintiff,

v.

GMAC INSURANCE MANAGEMENT
CORPORATION, etc.,

      Defendant.

_____

**O R D E R**

This cause is before the Court on Plaintiffs' Motion to Compel Discovery and to Overrule Defendants' Objections to Plaintiffs' Request for Depositions (Doc. #307; Motion to Compel) and Named Defendants' Motion for Protective Order with Respect to Depositions of Putative Plaintiffs (Doc. #310; Motion for Protective Order), both filed on December 22, 2005. Defendants have notified "the

Court that [they] rely upon their Motion for Protective Order as a Response in Opposition to Named Plaintiffs' Motion to Compel." Named Defendants' Response in Opposition to Plaintiffs' Motion to Compel Discovery and to Overrule Defendants' Objections to Plaintiffs' Request for Depositions (Doc. #313), filed on January 3, 2006, at 3.   Plaintiffs' Response in Opposition to Named Defendants' Motion for Protective Order with Respect to Depositions of Putative Plaintiffs (Doc. #314; Opposition) was submitted on January 3, 2006.

The question before the Court is whether Plaintiffs should be permitted to depose certain putative class members prior to receiving opt-in forms from those individuals evidencing an intent to be part of this lawsuit.  *See* Motion to Compel at 2, 16; Motion for Protective Order at 3 n.1, 6.   Plaintiffs assert the information sought is relevant to the case, whether or not the persons to be deposed decide to join the action.  Motion to Compel at 10.   First, the depositions are asserted to relate to issues raised in Named Plaintiffs' Motion for Sanctions, Protective Order and Issuance of Corrective Notice Due to GMAC Insurance Management Corporation's Unilateral and Unauthorized Contact with Potential Class Members (Doc. #295; Motion for Sanctions).  Motion to Compel at 4, 11; Opposition at 3-5; *see also* untitled document, attached to the Motion to Compel as Exhibit A.   Furthermore, it is argued the depositions are likely to yield other information pertinent to

issues such as whether Defendants acted willfully.   Motion to Compel at 11-12.  Defendants object to the depositions, stating the testimony of the employees to be deposed is not currently relevant and that they may be influenced to join the suit as a result. Motion for Protective Order at 9, 13.

Pursuant to Rule 26(b)(1), Federal Rules of Civil Procedure, "[p]arties may obtain discovery regarding any matter, not privileged, that is relevant to the claim or defense of any party" and "[f]or good cause, the court may order discovery of any matter relevant to the subject matter involved in the action." Furthermore, the "information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence." *Id.*

Having considered the positions of the parties, it is clear the discovery at issue will assist the Court in resolving the pending Motion for Sanctions. Defendants' argument regarding undue influence is weakened by the facts that the contact will occur in a formal setting with counsel for both sides present and that Defendants' alleged attempt to dissuade employees from joining the class is the subject of the Motion for Sanctions. *See* Memorandum in Support of Named Plaintiffs' Motion for Sanctions, Protective Order and Issuance of Corrective Notice Due to GMAC Insurance Management Corporation's Unilateral and Unauthorized Contact with Potential Class Members (Doc. #297) at 2, 5-6, 8.  Similarly, a

deposition does not amount to a solicitation for an individual to opt-in to the suit and become a client. Thus, due to the particular circumstances presented herein, the discovery will be allowed.

In light of the foregoing, the Motion to Compel (Doc. #307) is **GRANTED** to the extent the depositions at issue shall proceed as scheduled and the Motion for Protective Order (Doc. #310) is **DENIED**.

**DONE AND ORDERED** at Jacksonville, Florida this 19th day of January, 2006.

/s/     Howard T. Snyder
HOWARD T. SNYDER
UNITED STATES MAGISTRATE JUDGE

Copies to:

Counsel of Record and
    *pro se* parties, if any

- 4 -