**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**JACKSONVILLE DIVISION**

JAMES D. DAWKINS, et al.,

    Plaintiffs,

v.                                    CASE NO. 3:03-cv-322-J-20HTS
                                                                      CONSOLIDATED
GMAC INSURANCE HOLDINGS,
INC., et al.,

    Defendants.

---

JEFFREY GOLDSTON, etc.,

    Plaintiff,

v.

GMAC INSURANCE MANAGEMENT
CORPORATION, etc.,

    Defendant.

---

**O R D E R**

Before the Court is Named Defendants' Motion for Reconsideration Regarding the Deposition of Gary Kusumi (Doc. #348; Motion), filed on February 17, 2006. Plaintiffs' opposition to the Motion was filed on March 6, 2006. Plaintiffs' Response in Opposition to Defendants' Motion for Reconsideration (Doc. #378; Opposition).

On February 10, 2006, the Court entered an Order (Doc. #342), compelling the deposition of Gary Kusumi. Therein, it was noted the intranet posting that is the subject of a pending request for

sanctions "seems to have been written by Mr. Kusumi[,]" *id.* at 2, and Defendants had "failed to state who, if anyone, other than Mr. Kusumi authored the communication." *Id.* at 2-3. It is now revealed "Mr. Kusumi did not author the Intranet Posting and had no role in the drafting or revising of the Posting. Rather, [it] was prepared by [Defendants' counsel]. . . . Mr. Kusumi simply reviewed the final draft without revision." Motion at 5; *see also* Affidavit of W. Randy Loftis, attached to the Motion as Exhibit A, at ¶¶ 3, 5. Plaintiffs believe the deposition remains relevant. Opposition at 7. They state "Mr. Kusumi authorized the publication and it is reasonable to assume that he would not have [done so] if he did not have some knowledge about the law suit, its basis and the underlying facts pertaining to it." *Id.*

The standard of review for a motion for reconsideration has been articulated as follows:

> Motions for reconsideration are only granted upon presentation of "facts or law of a strongly convincing nature to induce the court to reverse its prior decision." *Cover v. Wal-Mart Stores, Inc.*, 148 F.R.D. 294, 295 (M.D. Fla. 1993). The need to correct clear error or manifest injustice are grounds justifying reconsideration. *Id.*

*Randles v. Hester*, No. 98-CV-1214, 2001 WL 1736881, at *1 (M.D. Fla. Aug. 10, 2001); *see also Hammond v. City of Junction City*, Kan., 168 F. Supp. 2d 1241, 1244 (D. Kan. 2001) ("[C]ourts have recognized three major grounds for granting reconsideration: (1) an intervening change in controlling law; (2) the availability of new

evidence; and (3) the need to correct clear error or prevent manifest injustice").

Here, it is apparent circumstances do not exist to justify the reconsideration sought.  On the contrary, the facts set forth to support the request were previously known by Defendants and could have been presented to the Court for consideration in the resolution of the underlying motion to compel.  Further, there has been no clear error or manifest injustice.

In light of the foregoing, the Motion (Doc. #348) is **DENIED**.

**DONE AND ORDERED** at Jacksonville, Florida, this 8th day of March, 2006.

/s/      Howard T. Snyder
HOWARD T. SNYDER
UNITED STATES MAGISTRATE JUDGE

Copies to:

Counsel of Record and
    *pro se* parties, if any